{¶ 25} SHAW, J., dissents. The majority finds and I agree, that the evidence clearly establishes that Hancor, Inc. had knowledge that the brakes on the 1991 Chevrolet truck had failed on the day of Smith's accident prior to his use of the truck, that such a vehicle would clearly constitute a dangerous instrumentality and that the first prong of Fyffe
is therefore established in this case. Notwithstanding this finding, the majority somehow concludes as a matter of law, that specific knowledge by an employer of brake failure on a vehicle made available and about to be used by an employee on the highway does not constitute "knowledge that harm to the employee will be a substantial certainty" under the second prong of Fyffe. Finding this conclusion to be simply untenable, I must respectfully disagree. If these circumstances do not conclusively establish knowledge of a substantial certainty of harm, they are certainly sufficient to raise a genuine issue of fact as to that element of Fyffe.
 {¶ 26} The majority also finds that the third prong of Fyffe is not sufficiently implicated in this case because other vehicles were apparently available for use by the employee. Again, I respectfully disagree. There is indication in the record that this particular truck was not only the vehicle best suited for this particular task, but may have been the only vehicle specifically suited for the assigned task. As such, I believe there is a genuine issue of fact as to whether the employer, "through its actions and policies, required the employee to engage in the dangerous task" within the holding of Hannah, construing the third prong of Fyffe. For these reasons, I do not believe summary judgment was appropriate in this case. I would reverse and remand for trial.